UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER HUTCHESON,

    Plaintiff,

v.                                                CASE NO. 8:23-cv-105-TPB-SPF

ARABELLA CAMPBELL,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1) and request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied and the Complaint dismissed.

    **I.**    **BACKGROUND**

Plaintiff purports to sue Arabella Campbell, a hearing officer in the Domestic Relations Division of the Thirteenth Judicial Circuit of Hillsborough County, in her individual capacity (Doc. 1 at 2). Utilizing form Pro Se 15, Complaint for Violation of Civil Rights (non-Prisoner), Plaintiff asserts a Section 1983 claim against Defendant Campbell for violating his Fifth and Fourteenth Amendment rights. Plaintiff alleges "Hearing Officer Campbell was acting under color of law during Zoom hearing for motion

to contest driver's license suspension when she tacitly admitted they have no evidence that my son's mother provides for my child as well." (*Id*. at 4).

According to Plaintiff, on February 9, 2022, during a Zoom hearing presided over by Campbell, she suspended his driver's license for failure to pay child support. Plaintiff alleges:

> Despite the lack of evidence that I'm obligated to pay [Child Support Enforcement] and lack of evidence that the child lives with the mother, Hearing Officer Campbell had my driver's license suspended, effectively denying me due process, and depriving me of life, liberty, and property. Hearing Officer Campbell's judgment has been malicious and purely biased as evidenced by her tacit admission that there is no evidence, that the motion provides for the child at all.

(*Id*. at 5). Due to Campbell's "egregious actions[,]" Plaintiff has suffered "extreme credit damage, extreme hardships, extreme poverty, extreme intermittent hunger, psychological and emotional pain and suffering, extreme embarrassment, reduced sexual pleasure, sleeplessness, and family separation." (*Id*. at 6). He requests $8,000 for psychological harm, $40,000 in lost wages, and $20,000 in punitive damages (*Id*.). Along with his Complaint, Plaintiff moved to proceed *in forma pauperis*, stating he is indigent and cannot pay the filing fee for his case (Doc. 2).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015)[1].  Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id*. at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id*. at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

Dismissal is also appropriate if, upon review, the complaint reveals a lack of subject matter jurisdiction. *Cafaro v. Wyllins*, No. 8:10-cv-1836-T-30EAJ, 2010 WL 3747868, at *1 (M.D. Fla. Sept. 7, 2010), *report and recommendation adopted*, 2010 WL 3747837 (Sept. 22, 2010).  Finally, in reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and, therefore, construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

### III.  ANALYSIS

From a review of Plaintiff's affidavit, it appears he is financially eligible to proceed *in forma pauperis* (Doc. 2).  But the undersigned recommends dismissal of Plaintiff's Complaint (Doc. 1) with prejudice because Defendant has absolute quasi-judicial immunity.

Purporting to sue under 42 U.S.C. § 1983, Plaintiff alleges Defendant violated his Fifth and Fourteenth Amendment rights to due process and to raise his child without government interference (Doc. 1 at 3).  Section 1983 is the vehicle through which an aggrieved person may seek relief if an individual acting under color of state law violates

4

his or her federally protected rights. *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). Section 1983 "basically seeks to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide related relief." *Richardson v. McKnight*, 521 U.S. 399, 403 (1997) (internal quotation marks and emphasis omitted). But "immunity frees one who enjoys it from a lawsuit whether or not he acted wrongly." *Id*.

"Judges are entitled to absolute immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. This is "not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 363 (1978).

A judge acts in the clear absence of all jurisdiction if the matter upon which she acts is clearly outside the subject matter jurisdiction of the court over which she presides. *Higdon v. Tusan*, 746 F. App'x 805, 811 (11th Cir. 2018) (citing *Stump*, 435 U.S. at 357-59). Resolving subject matter jurisdiction issues can be thorny, so "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id*. (quoting *Stump*, 435 U.S. at 356). Judicial immunity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's

5

chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in her official capacity. *Sibley*, 437 F.3d at 1070.

Quasi-judicial immunity derives from absolute judicial immunity. *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). When the official duties of non-judicial officials have an integral relationship with the judicial process, they are protected by a judge's absolute immunity. *Id.* Like judges, those officials must act within the scope of their authority. *Id.*; *see Higdon*, 746 F. App'x at 810-11 (affirming dismissal of claims against family court judge's staff attorney in her capacity as a judicial employee). A court determines quasi-judicial immunity "through a *functional* analysis of the action taken by the official in relation to the judicial process." *Roland*, 19 F.3d at 555 (collecting cses). "When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges – that is, because they, too, exercise a discretionary judgment as a part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (internal quotation marks and alterations omitted). Relevant factors are "the need to assure that the individual can perform his functions without harassment or intimidation," "the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct," "insulation from political influence," "the importance of precedent," "the adversary nature of the process," and "the correctability of error on appeal." *Cleavinger v. Saxner*, 474 U.S. 193, 202 (1985) (citing *Butz v. Economou*, 438 U.S. 478, 512 (1978)).

Plaintiff's § 1983 claim alleges Defendant Campbell deprived him of due process during a child support hearing by suspending his driver's license even though there was no evidence of his child support obligation. As a child support hearing officer for the Thirteenth Judicial Circuit Court in and for Hillsborough County, Campbell's responsibilities – including suspending driver's licenses for failure to pay child support – are functionally comparable to those of a judge. See *Butz*, 438 U.S. at 513 (finding federal administrative law judges entitled to absolute immunity because their responsibilities – issuing subpoenas, ruling on evidence, regulating hearings, making or recommending decisions – functionally equal those of trial judges); *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001) (finding state administrative law judge entitled to absolute immunity because he presided over adversarial hearings, performed judicial functions, and issued appealable decisions); *Winford v. Walton*, No. 3:16-cv-810-J-39PDB, 2018 WL 3650054, at * 4-5 (M.D. Fla. Apr. 6, 2018) (recommending dismissal of claims with prejudice because Florida state court child support hearing officer entitled to absolute quasi-judicial immunity), *report and recommendation adopted*, 2018 WL 3650025 (May 15, 2018).

In Florida, child support hearing officers are appointed by the chief judge of the judicial circuit and "serve at the pleasure of the chief judge and a majority of the circuit judges in the circuit." Fla. Fam. Law R. Proc. 12.491(c). They have the power to "issue process, administer oaths, require the production of documents, and conduct hearings for the purpose of taking evidence." Fla. Fam. Law R. Proc. 12.491(e). And when a hearing officer is assigned a child support proceeding, she must convene a hearing, take testimony and establish a record, accept voluntary acknowledgements of paternity and support

7

liability and agreements setting the amount of support, evaluate the evidence, and provide a recommended order with factual findings. Fla. Fam. Law R. Proc. 12.491(e)(1)-(4). The court reviews the recommended order, and any party may move to vacate it.

These factors favor granting absolute immunity to Campbell for her acts as a child support hearing officer. *See Winford*, 2018 WL 3650054, at *4-5. Nothing in Plaintiff's Complaint indicates that Defendant lacked subject matter jurisdiction over the child support action central to Plaintiff's claim. And the act that Plaintiff challenges – Defendant's purported violation of his constitutional rights by suspending his driver's license – was part of the state court child support proceeding. So, to the extent Plaintiff's claim against Campbell is based on her actions during a child support hearing over which she presided, Campbell is entitled to absolute quasi-judicial immunity. *See Stump*, 435 U.S. at 356.

Because Defendant has absolute quasi-judicial immunity, dismissal of Plaintiff's claims with prejudice for failure to state a viable claim is warranted. *See Austin v. Judge*, 851 F. App'x 173, 175 (11th Cir. 2021) (affirming district court's *sua sponte* dismissal with prejudice of plaintiff's claims against state court judges because "the judges were entitled to absolute judicial immunity for their actions in that proceeding, and any claim Austin could have made otherwise would have been without arguable merit."). Any amendment of Plaintiff's claims against Defendant, based on the described conduct, would be futile.

## IV. CONCLUSION

The undersigned recommends that Plaintiff's Complaint (Doc. 1) be dismissed with prejudice.

It is hereby

**RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied.

2. Plaintiff's Complaint (Doc. 1) be *sua sponte* dismissed with prejudice for failure to state a claim.

**IT IS SO REPORTED** in Tampa, Florida, on February 13, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.